MOSES, TOWNSHIP CLERK, v. PENQUIT ET AL.

1. **Appeal:** PRACTICE: FINDING OF COURT: EVIDENCE TO SUPPORT. As this was an action at law, and there was not wanting evidence tending to support the finding of the trial court, *held* that this court could not interfere on the ground that such finding was not supported by sufficient evidence.

2. ——: ——: EVIDENCE: ERROR WITHOUT PREJUDICE. Alleged errors in the admission and exclusion of evidence will not be further considered on appeal, when it is ascertained from the whole record that, if made as alleged, they could not have prejudiced the appellant.

3. **Evidence:** MEMORANDA OF TOWNSHIP CLERK RECORDED BY SUCCESSOR. *Memoranda* made on loose slips of paper by a township clerk, at the time of the action of the township trustees in settling with him, came into the hands of his successor in office, and such action, as indicated by said slips, was by the successor entered of record. *Held* that such record was admissible as evidence on the part of the clerk who made the *memoranda*, in an action against him for money withheld, to show that there had been a settlement.

*Appeal from Jasper District Court*—HON. J. K. JOHNSON, *Judge.*

FRIDAY, OCTOBER 14.

THE defendant Penquit was a township clerk, and this action was brought on his official bond; the breaches alleged

being that he had failed to account for all money which had come into his hands by virtue of his office. The defendants, as an affirmative defense, pleaded a settlement with the township trustees. Trial to the court, judgment for the defendant, and the plaintiff appeals.

*Winslow & Varnum*, for appellant.

*Kerr & McElroy* and *Alanson Clark*, for appellee

SEEVERS, J.—I. The defendant Penquit was township clerk for two terms, and, with a single exception, as we understand, it is sought to recover money received by him during his second term. There is no dispute as to the amount received by him during that term, and the question is whether he properly accounted therefor; and, as tending to show that he did, evidence was introduced tending to show that there had been a settlement with the trustees after the expiration of his term of office. It should possibly be stated that the plaintiff, in addition to denying that there had been a settlement, pleaded that it had been obtained by the false and fraudulent representations of Penquit. Several errors are assigned and argued by counsel, but we are impressed that the principal ground upon which a reversal is claimed is that the finding of the court is in conflict with the evidence, and that under it the finding should have been for the plaintiff for at least some amount. We have therefore carefully read the abstract, and such portions of the transcript as are necessary, in order to solve controversies caused by conflicting abstracts, and have reached the conclusion that we cannot grant a new trial on this ground.

The defendant Penquit testifies that the township records and vouchers for money expended by him were destroyed by fire. There is no evidence contradictory to this, and upon the evidence of such witness the defendants mainly rely. The court saw and heard him testify, and necessarily has

*Margin note: 1. APPEAL: practice: finding of court: evidence to support.*

reached the conclusion that substantially he told the truth. There is no evidence or anything in the record authorizing us to reach a different conclusion, and the most favorable view for the appellant which can be taken is that different minds might possibly, from the evidence, reach different conclusions. We cannot say that the able and experienced judge before whom the case was tried was actuated either by passion or prejudice. He without doubt reached the conclusion he did after a fair and honest consideration of the evidence, and that there is evidence upon which his finding can be fairly supported we have no serious doubt, and therefore the judgment cannot be disturbed.

II. The other errors relate to the admission and rejection of evidence, and we have grave doubts, if the evidence 2. ——: ——: excluded had been admitted, or if that admitted evidence: error without had been excluded to which objections were prejudice. made, and there was no evidence tending to show a settlement, whether the finding would have been in any respect different. As, however, there is evidence tending to show a settlement sufficient to warrant the court in reaching such conclusion, most of the errors discussed which relate to the admission or exclusion of evidence are clearly not prejudicial. It is, therefore, not essential that we should specifically consider the same.

III. There was evidence tending to show that, at the time it is claimed one of the settlements was made, the defend-3. EVIDENCE: ant Penquit, then being township clerk, made memoranda of township upon a loose "slip or slips" of paper certain clerk record-ed by suc-*memoranda* of the action taken by the trustees cessor. at that time. These slips of paper came into the possession of his successor in office, and the action of the trustees, as indicated on such papers, was by such township clerk entered of record. This record was admitted in evidence, against the objection of the appellant, because it is said that it tended to show that there was a settlement, and we think such record was admissible for this purpose. The

record was written by the proper officer, and it is immaterial when it was made. It was nevertheless admissible.

We do not believe it is essential that we should consider any of the other questions discussed by counsel.

AFFIRMED.